## COUNTY OF NEWPORT, SEPTEMBER TERM, 1871, AT NEWPORT.

| 10 | 79 |
| 12 | 452 |
| 13 | 16 |
| 10 | 79 |
| 17 | 377 |
| 10 | 79 |
| 20 | 129 |

·PRESENT :

Hon. GEORGE A. BRAYTON, Chief Justice.
Hon. THOMAS DURFEE, } Justices.
Hon. ELISHA R. POTTER, }

## PHILIP B. CHASE, Administrator, *vs.* AMERICAN STEAMBOAT COMPANY.

In section 16, chap. 176 of the Revised Statutes, which provides that if the life of any person crossing upon a highway with reasonable care shall be lost by reason of the negligence or carelessness of common carriers, by means of railroads or steamboats, or by the unfitness or negligence or carelessness of their servants or agents, in this state, said common carriers, proprietor or proprietors, shall be liable to damages for the same; *held*, that the term *highway* as there used is not restricted to a highway upon land, but that an action may be maintained under that statute for injuries received in crossing any navigable waters, the same being a public highway.

*Held, further,* that corporations are within the provisions of section 21 of said chap. 176, which provides for 'an action against the person inflicting an injury which causes the death of another, and are, as such, liable in damages for deaths caused by carelessness or negligence of their servants.

ACTION ·of the case, brought under the provisions of sections 16 and 21 of chapter 176 of the Revised Statutes, by the plain-·tiff, as administrator of the estate of George Cook, late of Ports-

mouth, to recover $50,000 damages, for the benefit of the widow and children of his intestate, for causing the death of said intestate on the 29th of June, 1869, by a collision caused by the negligent and careless management of the defendants' steamer Whatcheer, on the waters of Narragansett Bay, the same being a public highway.

The case was first tried at the March Term, 1870, of the Supreme Court for this county, where the action was dismissed, on motion of the defendants, for want of jurisdiction. A new trial was subsequently granted (see report of the case 9 R. I. 419), and the case was again tried at the September Term, 1870, of the Supreme Court for this county before Mr. Justice *Durfee* and a jury, when a verdict was rendered in favor of the plaintiff for $12,000 damages. The defendants then moved for a new trial on the ground of alleged errors on the part of the judge presiding at the trial, in refusing to charge the jury as requested by them. Their requests, as well as the statute upon which the plaintiff's declaration was based (Rev. Statutes, chap. 176, §§ 16 and 21), are set out in the opinion of the court.

The questions presented by the motion were : I. Was Narragansett Bay, where this collision occurred, a public highway within the meaning of the 16th section of chapter 176 of the Revised Statutes ? and II. Was the defendant corporation liable for the wrongful act of its servants committed in violation of the 21st section of said chapter 176 ?

*Payne, B. F. Thurston & Gardner,* for the defendant, in support of the motion, referred to the cases cited by them in their argument upon the previous motion for a new trial, and further contended, that the court erred in refusing to instruct the jury according to the request set forth in the motion, because : I. The third clause of section 16 of chapter 176 of the Revised Statutes, the only clause pretended to affect the case at bar, being in derogation of the common law, must be strictly construed ; and, if full effect can be given thereto without construing the waters of Narragansett Bay to be embraced in the words " public highway," mentioned therein, it should be so construed. It is manifest full effect can be thus given, because, if a person were crossing the draw of India Bridge, or of Stone Bridge, with reasonable care, which would be a crossing upon a public highway

with reasonable care, and a steamboat, navigated by common carriers by means of steam, should be negligently or carelessly run against such draw by the proprietors thereof, their servants or agents, and the person so crossing should thereby be killed, it would be a case clearly falling within the provisions of said clause. Consequently there is no occasion to enlarge by construction the meaning of the words " public highway," to give effect to the statute ; and mere anticipated failure of remedy would certainly afford no justification for so doing.

II. Contrasting the provisions of sections 16 and 21 of said chapter, it is manifest the legislature intended to fix the statute liability of corporations by the former, and of individuals by the latter. At any rate the latter, as well as the former, must be strictly construed. If the words, " wrongful act of another," and the words, " persons inflicting," could in any case be applied to a corporation, they cannot be so applied in this case, when the " inflicting " is proved to have been by agents of the corporation, inasmuch as this section, unlike section 16, does not provide a remedy in such case as against the corporation. The maxim, " Qui facit per alium facit per se," could not be applied to enlarge the scope, meaning, and effect of the words " person inflicting such injury ; " nor does the language, " in which an action for damages might have been maintained at the common law, had death not ensued," affect the meaning of those words ; for, at common law, an action could be maintained either against a corporation or its agents for injuries inflicted. The words cannot apply to both a corporation and its agents at the same time. If they can ever have any reference to either, the court must determine to which they would be universally applicable, for it would be absurd to construe them at one time applicable to the one, and at another applicable to the other.

Sheffield, for the plaintiff, contra. 1st. As to what is a public highway. The term " highway " embraces all ways in which the public has a right to travel. Allen v. Ormond, 8 East, 5. Highways are places in which all subjects have a right to pass. Commonwealth v. Charlestown, 1 Pick. 188. This is peculiarly the case with the sea and all of its branches. Angell on Tide Waters, 1 ; Phear on Rights of Water, 53 ; Washb. Easm. 396 ; Woolrych on Waters, 192 ; Martin v. Waddell, 16 Pet. 421 ;

*Hart* v. *Mayor of Albany*, 3 Paige, 213, 217 ; *Rex* v. *Hammond*, 10 Mod. 382 ; *Arundell* v. *McCulloch*, 10 Mass. 70 ; *Keen* v. *Stetson*, 5 Pick. 495 ; *Bullock* v. *Wilson*, 4 Ind. 436 ; *Charlestown* v. *Middlesex*, 3 Met. 202 ; *Potter et al.* v. *Pettis*, 2 R. I. 484 ; *Commonwealth* v. *Coombs*, 2 Mass. 492.

2d. As to the defendants' liability under section 21 of this statute. Whatever an agent does or says in reference to the business of his principal in which he is at the time employed, and within the scope of his authority, is done or said by his principal. *Am. Fur Co. Claimants* v. *United States*, 2 Pet. 362 ; *Cliquot's Champagne*, 3 Wal. 140, 144 ; *Del. Col.* v. *Arnold*, 3 Dall. 333.

The rule *respondeat superior* applies and determines the liability of the principal to other persons for the torts, negligences, and omissions of duty of the agent committed in the course of his employment. See Story's Agency, §§ 316 and 452 ; *Dennison* v. *Seymour*, 9 Wend. 8.

The rule of *respondeat superior*, or that the master shall be civilly liable for the tortious acts of his servant, is of universal application, whether the act be one of omission or of commission ; whether negligent, fraudulent, or deceitful, if it be done in the course of his employment, the master is liable ; and it makes no difference that the master did not authorize, or even know of the servant's act or neglect, or even if he disapproved or forbid it ; he is equally liable if the act be done in the course of the servant's employment. Story on Agency, § 452 ; Smith on Master & Servant, 152 ; *Phil. & Read. R. R. Co.* v. *Derby*, 14 How. 468 ; *Phil. &c. R. R. Co.* v. *Phil. Steam T. Co.* 23 How. 209 ; *Dobbin* v. *Foyles*, 2 Cranch C. C. 65.

In *Dickens* v. *New York Central R. R. Co.* 28 Barb. 41, the court say : "An action can be maintained by the personal representatives of a deceased person whose death has been *wrongfully* caused by the defendant, though the deceased left no husband or wife or next of kin surviving, who would ever have any legal claim upon such person if living, for services or support."

" By the general law, owners are responsible for any loss or damage occasioned by their ships, or by those who are intrusted with their management." *The Dundee*, 1 Hag. Admr. 117 ; *Neptune the Second*, 1 Dods. 467.

The owner is liable for his crew, and no legal excuse can be

derived to him for their misconduct. Sir W. Scott in *The Anna*, 5 C. Rob. Admr. 373.

BRAYTON, C. J. The declaration in this case in the first count alleges, that the defendants were common carriers of passengers between Providence and Newport over the waters of Narragansett Bay, a public highway, and having in their service as common carriers of passengers the steamboat Whatcheer, under the command of one Lloyd S. Sutton, as their servant and agent, and that George Cook, the plaintiff's intestate, was, in the exercise of due care, carried over and upon the said bay and highway, and that by reason of the unfitness and carelessness of the said Sutton, and of the officers and crew of said steamboat, in navigating the said bay and upon said highway, the said steamboat was directed and managed so negligently, carelessly, and unskilfully, that she was wrongfully run upon the sail boat, when the said boat was with due care carried over and upon the said bay and highway, whereby the said Cook received a mortal wound, of which he instantly died.

This count was framed upon the 16th section of chap. 176 of the Revised Statutes, which provides that if the life of any person crossing upon a highway with reasonable care shall be lost, by reason of the negligence or carelessness of common carriers, by means of railroads or steamboats, or of proprietors of railroads or steamboats, or by the unfitness or negligence or carelessness of their servants or agents, in this state, such common carriers, proprietor or proprietors, shall be liable to damages for the same.

The second count alleges that the defendants, by their servants and agents, so carelessly, recklessly, and wrongfully managed and directed their steamboat, the Whatcheer, that the said steamboat was run upon, against, and over a sail boat, then controlled and managed with due care, upon which George Cook, the plaintiff's intestate, was, and the said Cook, by the wrongful and negligent and careless acts of the said defendants, and their servants and agents, had inflicted upon him by the said steamboat of the defendants a mortal wound, whereof he instantly died.

The count is framed upon the 21st section of the same chapter 176 of the Revised Statutes, which is as follows: " Section 21. In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action

for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of said person, to be recovered by action of the case for the use of his or her husband, widow, children, or next of kin, in like manner and with like effect as in the preceding five sections provided."

In relation to the first count of the declaration, the defendants requested the court to direct the jury, that the plaintiff could not recover, unless the jury shall find that the said George Cook was a passenger in a conveyance used by the defendants as common carriers, or was in the care of the defendants as proprietors of, or common carriers by means of railroads or steamboats, or unless the jury found that he was crossing upon a public highway with reasonable care, and that the term " public highway " should be construed to mean a public highway on land, and that it did not embrace Narragansett Bay or any navigable waters.

The declaration does not allege that Cook was a passenger in the defendants' conveyance, nor that he was in their care, so that no proof was offered upon these points. It was only alleged that he was crossing, with reasonable care, Narragansett Bay, a public highway, and this it was necessary to prove by evidence. Such evidence was given.

The court refused to charge as requested, that other evidence was necessary to prove that the deceased was crossing a highway upon land, and that the term public highway was restricted to one upon land, and this refusal is assigned as a ground for new trial, and it is insisted that the term must, in this act, be restricted to ways upon land only, and the only question submitted is, whether it shall be restricted, or may be extended to navigable waters. The argument addressed to us is, that the statute is one in derogation of the common law, and is therefore to be strictly construed, and that unless it be necessary to give effect to the term to construe it to mean a navigable way, it should not be so extended.

The act provides quite clearly, we think, for an injury by means of a steamboat, and for an injury done to a person crossing a highway, if he exercises reasonable care, and the counsel who argued the case very fully appreciated the difficulty of un-

derstanding how an injury might be done by such means to persons passing upon the land, when the vessel must necessarily be upon navigable waters ; yet such an injury is provided against. It was suggested in the argument, that were a person crossing a bridge, which is a public highway, a steamboat might, by want of care, or want of skill, be driven against the bridge, and the person thus injured and killed. This is a possible case, but not such a one as would be probable ; not one likely to often occur, or to create an end calling upon the legislature to provide a remedy. But if it were designed to be provided for, it would not necessarily exclude a way over navigable waters. Navigable waters are highways, though, in common parlance, we apply that term to public ways upon land.

Bridges are highways, being public ways for all persons, but in common parlance they are not included in the term highway.

The statutes distinguish between highways and bridges, and provide that towns shall repair all highways and all bridges within the bounds of the town, and that a town laying out a highway over an artificial watercourse shall make and maintain a bridge over the watercourse.

There is more reason for extending the term highway to navigable waters than to limit it to bridges, inasmuch as the danger of the injury provided against is greater and more apparent upon the open bay, and a collision more likely to occur there, than at or upon bridges.

There is another instance suggested, in which an injury of the kind may occur, and no effect be given to the term highway, without extending it to navigable waters. It is, that the steamboat may be run or hauled into a dock, at the head of which is a highway, and so a person may be injured passing there. We can only say of this that it is one not probably contemplated by the legislature as one specially to be provided against, and we do not see that any reasonable effect can be given to the language of the section with the restricted meaning claimed for the term, the greater danger of collision of steamboats being upon the sea, and to those crossing navigable waters.

We think, therefore, that there was no error in refusing the instruction requested upon the first count.

Upon the second count, the court was requested to instruct the

jury that there could be no recovery by the plaintiff under the provisions of section 21 of the act, unless the jury should find that the death of said Cook, the intestate, was caused by the act of the defendant corporation, as distinguished from an act occasioned by the carelessness or negligence of their servants. And the refusal to give such instruction is assigned as a ground for new trial.

There is no contrast, such as is intimated by counsel, between these sections. It does not appear that the legislature intended by section 16 to fix the statute liability of corporations only. The word corporation is not mentioned in that section. The injuries provided against are those caused by the negligence of common carriers or proprietors of steamboats and railroads, and by the carelessness and unfitness of their servants and agents. The provision extends to natural persons, and may include corporations being such proprietors or common carriers. Neither does it appear as is suggested, that section 21 was intended to apply to injuries caused by natural persons only. The term " other person " includes corporations as well as individuals. The person liable to the action is not necessarily a natural person. He is the person inflicting the injury, the person by whose wrongful act it is inflicted. This injury may be inflicted by a corporation, as well as by any other person, that is, the injury may ensue from the wrongful act of a corporation, as well as from the wrongful act of an individual.

Again, the wrongful act must be such, and so done, as that the party charged would be liable at common law had the injury, caused by it been less than death. That a corporation would have been liable at common law for an injury caused by their act carelessly or negligently done by their servants, is settled law. Death thus caused by a corporation is within all the evil for which the remedy was intended, and all persons, whether corporate or natural, are equally within the apparent reason of the act.

If this section is to be construed as inapplicable to corporate bodies, it must be, not because a distinction is to be made between corporations and other persons, but because it applies only to wrongful acts done personally by the party charged, and to his acts done by his servants, and because the act is not to be re-

garded as the act of the principal, and this would affect equally the relation of corporations or individuals to their servants. We do not think any such distinction was intended by this chapter. At common law, had death not ensued, a corporation would have been liable for all the injury resulting from the wrongful act here alleged, though done by their servants, and held to their liability every day, considering the acts of their servants as theirs, and so of every principal for the acts of his servants. And it is sufficient, that the wrongful act is alleged to have been done by him, without mentioning the servant, and this allegation is supported by proof that it was done by the servant. This is the common form of declaration in such cases.

We do not think the legislature intended to enact a different rule, and to declare that such act as would at common law be treated as the act of the principal, and for which as such he was at common law liable, should not, for the purposes of this act, be deemed his.

If, in such case, the servant only is liable to suit, the remedy in a great majority of cases would fail. Most of the injuries of this kind are inflicted by the instrumentality of servants, who are irresponsible, having no estate answerable to the damages. If the master cannot be reached, neither can an effectual remedy.

We are of opinion that corporations are within the provisions of this section of the act, and are liable at common law.

*Exceptions overruled.*