POTTER., J.
 

 It is contended on the part of the city that the negligence which caused the death of Mc-Caughey was the negligence of the contractor and is not chargeable to the city.
 

 The commissioners were appointed to build a city hall according to certain plans and elevations. They were to contract for it in writing, and they did so. They had full authority to employ agents, &c. By the contract the commissioners were to furnish the centres for the arches at the site of the building. The same language is used as to furnishing the brick, &c.
 

 But the commissioners actually did furnish the centres in place. By the written contract they were not obliged to do so, but they did it. And there was no provision in the contract that the contractor should set the centres, although it did contain a provision that he should set the granite and brick.
 

 Now if from any disagreement as to the construction of the contract or for any other reason the commissioners saw fit to assume this duty for the city, we think they had the right to do it. They were generally empowered to build. If their only power was to make a contract and ended there, the case would have been different, and every question arising would have to be referred to the city government itself. But they were to build, and although the work was to be contracted for, they were to superintend it. And it may well be supposed that the commissioners were to have this general power, because in the erection of such a building contingencies might arise which could not be foreseen, and which could not be provided for in the contract, and which must be left to the discretion of somebody. We think it is sat
 
 *456
 
 isfactorily shown that the negligence was the negligence of the officers and agents of the city, and that the city is liable for their acts. See
 
 Chase, Administrator,
 
 v.
 
 American Steamboat Co.
 
 10 R. I. 79.
 

 James M. Ripley £ Charles E. Gforman,
 
 for plaintiff.
 

 Nicholas Van Slych,
 
 City Solicitor of the city of Providence, for defendant.
 

 Upon the other point made, that the statute only provides for cases where death ensues from injury inflicted by the wrongful act of another and that this is not such a case, we only think it necessary to observe that here was an act negligently done, and we think it comes within the spirit of the law. If it was a case of mere and entire omission to perform a duty it would be different, and we do not intend to decide that point. But here the defendant undertakes to perform a duty, an act, and does it in such a way as to cause the death of the plaintiff’s intestate. A new trial is denied.
 
 Petition dismissed.