JOHN J. BRADBURY, Administrator, *vs.* THOMAS FURLONG.

Gen. Stat. R. I. cap. 193, § 21, provides, "In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another. and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of his or her husband, widow, children, or next of kin, in like manner, and with like effect, as in the preceding five sections provided."

*Held*, that this section gives no action against a defendant who is only charged with passive neglect or a mere omission of duty.

F. owned and for purposes of repair controlled a yard occupied by a tenant. In the yard was a cistern on which F. had put a proper iron cover. This was removed without the knowledge of F., and a wooden cover weighted with a stone but claimed to be insecure was substituted. A child three years old, living in a tenement, the yard of which was contiguous to F.'s yard and connected with it by an open gateway, fell into the cistern and was drowned.

In an action by the administrator of the child against F., brought under Gen. Stat. R. I. cap. 193, § 21:

*Held*, that F. was not liable.

PLAINTIFF'S petition for a new trial.

*April* 3, 1880. DURFEE, C. J. This is an action brought by the plaintiff as administrator on the estate of his deceased son, William H. Bradbury, to recover damages for his death, under Gen. Stat. R. I. cap. 193, § 21. The deceased was a child not quite three years old. He came to his death by falling into a well or cistern in the yard adjoining that of the plaintiff and connected with that of the plaintiff by an open gateway. The yard containing the cistern was in the occupation of one Byron Smith as tenant of the defendant, who, however, testified that he had nothing to do with making repairs on the premises, but that the repairs were to be made by the defendant. He further testified that there had been formerly a pump in the cistern or well, which was taken out and an iron cover put over it. The iron cover was afterwards removed, and a wooden covering, which was claimed to be insecure, put on, and a stone, too heavy to be removed by the child, placed over the wooden covering. There was no evidence that the defendant had anything to do with replacing the iron cover by the wooden, or that he knew it had been done. The defendant himself testified that he originally put the iron cover on the cistern, and did not know until after the accident that it

did not remain there. It was not denied or questioned that the iron cover was a proper protection. After the testimony had been submitted on both sides, the court directed the jury to return a verdict for the defendant, on the ground that the defendant at most was shown to have been guilty only of a passive neglect or omission of duty, and that for this an action does not lie under § 21. The plaintiff petitions for a new trial for error in the ruling.

The question is, was the ruling correct ? Section 21 provides that " in all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person," &c. This court has decided that in order to maintain an action under this section it is not necessary to prove that the injury was inflicted by the defendant in person, but that it is enough to prove that it was inflicted by his agent or servant; and also that it is not necessary to prove that the injury was purposely inflicted, but that it is enough to prove that it resulted from some act carelessly or negligently done by the defendant, his agent or servant. *Chase* v. *American Steamboat Company*, 10 R. I. 79; *McCaughey* v. *Tripp*, 12 R. I. 449. The court has gone thus far in compliance with the rule that remedial statutes are to be liberally construed. We are now asked to go further, and hold that the section applies where the defendant has done nothing but simply remain passive when he ought to have been more vigilant and active to guard against a possible danger. If the statute was intended to apply to such a case, the language used to express the intention was badly chosen ; for certainly an injury resulting from a mere omission to act would not ordinarily be described as an injury *inflicted* by a wrongful *act*. We will not say, however, that it is impossible so to construe the section, nor indeed that we should not so construe it if it were the only section on the subject. It is not the only section. The same chapter contains another section, § 16, applicable to common carriers and to the proprietors of railroads and steamboats, which makes them answerable for the life of any person lost by reason

of their carelessness or negligence, or by the carelessness or negligence of their agents or servants.[1] The two sections are to be construed together, and, being so construed, they lead to the conclusion that common carriers and proprietors of railroads and steamboats were intended to be put on a different footing from other persons, and to be held to answer for loss of life when other persons would not be held. This being so, the question is, what difference was intended; and the obvious answer is, that common carriers and proprietors of railroads and steamboats were intended to be subjected to a stricter liability than other persons, and to be held for their negligence or carelessness, even though it were merely passive, whereas other persons are to be held only when death ensues from injury *inflicted* by their wrongful *acts.* If § 21 had as broad an application as the plaintiff claims for it, it would, for anything we can see, cover all the cases which could arise under § 16, and render § 16 superfluous.

*Petition dismissed.*

*Charles H. Page & John M. Brennan,* for plaintiff.

*James M. Ripley,* for defendant.

---

[1] The legislation on this subject, prior to the General Statutes, may be found in Acts and Resolves of the General Assembly, October Session, 1853, pp. 257, 258 ; January Session, 1855, pp. 15, 16 ; Supplement to Digest of 1844, pp. 1026, 1137, 1141 ; Revised Statutes R. I. cap. 176, §§ 16–21.