ARABELLA T. PARKER, Executrix, *vs*. THE PROVIDENCE & STON-
INGTON STEAMBOAT COMPANY.

In trespass on the case for personal injuries, resulting in death, which were caused by a
collision on a highway, namely, the public waters of the State, the declaration suffi-
ciently states a cause of action by charging that the defendant's servants so negligently
and carelessly managed and navigated its steamer that it ran-upon and sank the ves-
sel of the plaintiff's testator, without stating particularly in what the negligence con-
sisted.

Usually the duty due from the defendant to the plaintiff and its breach must be set forth,
or no negligence will appear, but in cases of collision it is often impossible to aver
more than that the plaintiff, while on the highway and exercising due care, was run
into by the defendant.

A claim for damages or injuries resulting in death may be settled and released by the
executor or administrator of the deceased, either before or after bringing an action
therefor.

Such settlement binds the parties interested in the claim, *i. e.*, the husband, widow,
children, or next of kin of the deceased.

TRESPASS ON THE CASE for personal injuries to the plaintiff's
testator resulting in his death. On demurrer to the declaration.

*May* 29, 1891. PER CURIAM. The court is of opinion that the
declaration sufficiently states a cause of action, by setting forth
that the defendant's servants so negligently and carelessly man-
aged and navigated its steamer that it ran upon and sank the ves-
sel of the plaintiff's testator. This is the usual form of charging
negligence in cases of highway collisions. The essential facts with
reference to negligence are, *first*, plaintiff's right to the highway;
*second*, in the exercise of due care; and *third*, defendant's interfer-
ence with plaintiff's right by running into him. The defendant ob-
jects to this declaration upon the ground that it does not state in what
the negligence consisted, and so does not inform him of the particu-
lar case he is called upon to answer, nor sufficiently protect him for
the future in case of judgment. Undoubtedly a full statement to
this extent is generally necessary, for in most cases there would
be no case stated without it. Negligence consists in omitting to
do a duty, or in doing it so carelessly as to bring injury to another.
Ordinarily, therefore, unless the particular duty and its breach are

set forth in the declaration, no negligence appears.    These are the backbone of the declaration, without which it cannot stand.

The details which prove the negligence need not be set forth, but there must be an averment of facts showing the duty and the general manner of its breach, or else no case is stated.    But in collisions the force and injury are direct, and, except where the injury is caused by the carelessness of a servant, an action of trespass may generally be maintained, in which the averment of the force alone would be sufficient.    1 Chitty on Pleading, *127, 2 Ib. *713, *860.    In collisions, it is almost impossible to do more than state the fact that, while upon a highway, in the exercise of due care, the plaintiff was run into by the defendant.    This raises a presumption of negligence, nothing appearing to the contrary, because of the defendant's control of the agent of the injury, and because such accidents do not occur without negligence.    The plaintiff can seldom know or state just how it was done, whether by carelessness in one way or another, or even by design.

In the case at bar, the plaintiff can neither be expected nor required to state in what particular way the defendant's servants on another boat were negligent.    It is enough to state facts which naturally or necessarily raise a presumption of negligence.    In *Chase* v. *American Steamboat Co.* 10 R. I. 79, the declaration, substantially the same as the one before us, was considered by this court and finally carried to the Supreme Court of the United States, 16 Wall. 522, but no suggestion appears that it was insufficient.    The defendant cites in support of its demurrer to the declaration, *Woodward* v. *Oregon Railway & Navigation Co.* 22 Pacific Reporter, 1076, but in this case the plaintiff was employed by the defendant as a locomotive engineer, and sued for injuries sustained by a collision.    In such a case, clearly, it would be necessary to set forth in what the defendant's breach of duty consisted, for no presumption of negligence on the part of the company, so far as the plaintiff was concerned, would naturally or necessarily arise from the fact of a collision.    The company may have given proper rules and directions, provided proper tracks, turnouts, etc., and still the accident have been caused by the negligence of some fellow servant; as, for instance, a switchman turning the wrong switch, or another engineer running his train contrary to orders.

In *Thompson* v. *Flint & P. M. R. R. Co.* 57 Mich. 300, the point passed upon by the court was, that the declaration was defective in not setting forth that the plaintiff was in the exercise of due care.

In *Missouri Pacific Railway Co.* v. *Hennessy,* 75 Texas, 155, for an accident at a street-crossing, the point decided was, that an omission of duty, different from those set forth in the declaration, could not be proved at the trial. The remarks of the court in that case are in harmony with those of this court in *Cox* v. *Providence Gas Co.*, *ante,* p. 200, to this effect: " The rule of certainty in pleading is not too rigid to be reasonable, and does not require the statement of facts undiscoverable by the plaintiff. It permits much generality when the facts lie more in the knowledge of the opposite party than in the pleader." Nevertheless, enough must appear to give the defendant notice of the character of the case which the plaintiff will undertake to prove.

*Demurrer overruled.*

Subsequently the case came on for hearing on the plaintiff's demurrer to a plea in bar filed by the defendant.

*November,* 21, 1891. TILLINGHAST, J. After the overruling of the defendant's demurrer to the plaintiff's declaration, in this case, the defendant pleaded the following release in bar of said action.

NEW BEDFORD, MASS., July 16, 1889.

Received from the Providence & Stonington Steamship Co. the sum of one (1) thousand dollars, the same being in full settlement of all claims and demands which I, as executrix of the last will and testament of Charles W. Parker, deceased, and as legatee named in said will, may have against the Providence & Stonington Steamship Co., its agents and servants, for loss of life in consequence of the collision on the 14th day of May, 1889, between the schooner " Nelson Harvey " and the steamer " Nashua," owned by the said Providence & Stonington Steamship Co., and I do hereby covenant and agree to and with said company that no suit shall at any time be brought or prosecuted against said company therefor.                    ARABELLA T. PARKER,
*Executrix.*

Witness:
    Frank N. Howes.

To this plea the plaintiff has demurred as follows : —

" And the said plaintiff as to the first plea, or plea of settlement of said cause of action, comes, etc., when, etc., and says : —

" That the said plea and the matter therein contained, in manner and form as, therein set forth, are not sufficient in law for a bar to said action and the said plaintiff is not bound by law to answer the same, because said right of action is given to said plaintiff in her said capacity, as a representative of her children as well as herself, and is not included in the powers given by statute to administrators to compromise claims such as appear in favor of ordinary estates, and is such a claim as cannot be compromised or settled by her as administratrix without concurrence of her children, if of age, or their duly qualified guardians of such of them as are minors, and this she is ready to verify. Wherefore, for want of a sufficient plea in this behalf, she prays judgment of this court, and that said defendant may further answer the said declaration."

The only question raised by the demurrer is, whether an executrix has the power to compromise and settle such a cause of action as is set out in the plaintiff's declaration, without the assent of the next of kin. Pub. Stat. R. I. cap. 184, § 32, provides as follows : —

" Executors and administrators may submit to arbitration, or may adjust by compromise, any claims in favor of or against the estates by them represented, in the same manner and with the same effect as the testator or intestate might have done."

The defendant contends that this statute authorizes the plaintiff in her said capacity to compromise and settle a claim like the one in suit, and that having done so as set up in the plea in bar, she is precluded from maintaining her action. The defendant further contends that said statute is simply intended to afford executors and administrators additional protection, and not in any manner to take away or abridge their common law powers, amongst which is that of compromising and adjusting disputed claims in favor of or against the estates which they represent.

The plaintiff, on the other hand, contends that said statute does not confer any authority upon her to make said compromise, and also that it has no bearing upon the case at bar because she is merely a representative of the widow and next of kin, and sues exclusively for their benefit, the damages to be recovered not being

assets in her hands, with which to pay the debts or liabilities of the testator, but to go to the widow and next of kin under the statute. She further contends that the action is brought under the provisions of Pub. Stat. R. I. cap. 204,[1] § 15, and that § 20 of said chapter has no application. Said sections are as follows: —

" SECT. 15. If the life of any person, being a passenger in any stage-coach or other conveyance, when used by common carriers, or the life of any person, whether a passenger or not, in the care of proprietors of, or common carriers by means of, railroads or steamboats, or the life of any person crossing upon a public highway with reasonable care, shall be lost by reason of the negligence or carelessness of such common carriers, proprietor or proprietors, or by the unfitness, or negligence, or carelessness of their servants or agents, in this State, such common carriers, proprietor or proprietors shall be liable to damages for the injury caused by the loss of life of such person, to be recovered by action of the case, for the benefit of the husband or widow and next of kin of the deceased person, one half thereof to go to the husband or widow, and one half thereof to the children of the deceased."

" SECT. 20. In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case, for the use of the husband, widow, children, or next of kin, in like manner and with like effect as in the preceding five sections provided."[1]

The power of an executor or administrator at common law to compromise, or submit to arbitration, disputed claims in favor of or against the estate which he represents, is undoubted. *Chadbourn* v. *Chadbourn*, 9 Allen, 173; *Bean* v. *Farman*, 6 Pick. 269; *Chase* v. *Bradley*, 26 Me. 531; *Chouteau* v. *Suydam*, 21 N. Y. 179, 184; *Wood* v. *Tunnicliff*, 74 N. Y. 38; *Murray* v. *Blatchford*, 1 Wend. 583, 616; *Rogers* v. *Hand*, 39 N. J. Eq. 270, 271, and note.

---

[1] Pub. Stat. R. I. cap. 204, §§ 15–20, are printed *infra*, p. 478, as a note to *Goodwin* v. *Nickerson*.

It is also well settled that a statute like the one under consideration does not change the power of the executor or administrator existing at common law, but simply reinforces and affirms the same. If, in the exercise of this power, the executor or administrator, by reason of negligence, or any serious error in judgment, obtains a less sum than he would clearly be entitled to recover at law, he may be held to be guilty of a *devastavit*, and be required to make up the loss out of his own estate, but still the compromise, if made in good faith, would be binding upon the parties thereto.

In *Rogers* v. *Hand*, 39 N. J. Eq. 270, 275, which was a case in which the executors compromised and settled a claim against the estate, without suit, the court says: "When they act in good faith, those who would impeach their conduct must show fraud or mistake, or that they have acted without authority or contrary to law." "They may compromise a lawsuit, may buy the peace of the estate, and extinguish even doubtful claims against it, provided they act discreetly and in good faith." See, also, *Meeker* v. *Executors of Vanderveer*, 15 N. J. Law, 392.

It will be seen that what we have said thus far relates to the power of executors and administrators generally, to compromise claims in favor of and against the *estates* which they represent, as that term is ordinarily understood. And the question which now presents itself is, whether the law, as above stated, is applicable to a case like the one before us, in which the cause of action is purely statutory, and where the damages do not accrue to the *estate* of the deceased, properly so-called, but to the widow and next of kin. We fail to see, upon principle, that any distinction can properly be made between the two classes referred to. The reasons which underlie and support the law above laid down, in its application to executors and administrators generally, are equally applicable and cogent in a case in which the claim arises by statute.

The plaintiff, in her capacity as executrix, had a claim against the defendant corporation growing out of its alleged negligence and wrongful acts in causing the death of her husband. She could prosecute this claim or not, at her option. No one else had any power to prosecute it. *Goodwin* v. *Nickerson, infra*, p. 478. If suit is brought upon said claim, it is her suit, and she may discontinue, compromise, or settle the same at her pleasure. And if she has

power to compromise the *suit after* it is brought, why should she not also have power to compromise the claim upon which it is based, without bringing a suit? We cannot see that any reason can be urged in support of the existence of the power in the former case, which does not apply with equal, if not added force to the existence thereof in the latter.

In *Greenlee* v. *Railroad Company*, 5 Lea, Tenn. 418, which was a case brought by a widow, under a statute quite similar to the one under which this suit is brought, it was held that she had power to control the suit by compromise or otherwise. The court says : " The question is, can the widow, under the statutes authorizing this suit, dismiss it against or without the consent of the children? . . . It is true, as argued, that the suit is for the benefit of the widow and children. It is also true, the widow alone has the right to sue in the first instance. The children have the right only when there is no widow. The widow may sue or not, at her option. We have holden that, if she fail to sue for the period of twelve months, the suit is barred, even as to minors. Having, then, the right to sue, to be exercised at her own election, it follows, as a necessary incident to that right, that she may control the suit by compromise, abandonment, prosecution, or dismissal."

In *Stephens* v. *Railroad*, 10 Lea, Tenn. 448, which was a suit for the benefit of the widow and children of deceased, it was held that she had the right to compromise or settle the suit as she saw fit, without the consent of the guardian of the child of the deceased, and against the consent of her own attorney, who managed the case. As to the contention of the plaintiff, that the action is brought under the provisions of Pub. Stat. R. I. cap. 204, § 15, and hence that § 20 of said chapter has no application, two answers suggest themselves : *first*, the second count in the declaration is evidently framed upon both of said sections, as it not only charges that the deceased came to his death by reason of the carelessness and negligence of the defendant, but also by the " wrongful acts of said defendant; " and, *second*, that even though the declaration were framed solely upon § 15, as contended, yet so long as the two sections give but one remedy, and the declaration might as well have been framed under the one section as under the other,

or even under both together, we think they should clearly be construed together in determining the question whether the plaintiff had power to compromise the *claim* upon which this suit is based, before *any* suit was brought. If the injury had not resulted in the death of the plaintiff's testator, he would undoubtedly have had power to compromise and adjust the claim against the defendant.

Furthermore, the injury here complained of was not occasioned by the mere passive neglect of the defendant, as was the case in *Bradbury* v. *Furlong*, 13 R. I. 15, cited by the plaintiff, but might properly be described as an injury " *inflicted* by a wrongful. act." See, also, *Chase* v. *American Steamboat Co.* 10 R. I. 79; and *McCaughey* v. *Tripp*, 12 R. I. 449.

Furthermore, the law favors the compromise of disputed claims, 1 Bouvier Law Dictionary, 15th ed. title Compromise, and cases cited, and will sustain the same as far as possible, when fairly made.

But the plaintiff argues that the settlement in question, if allowed to stand, will have the effect to bind *living parties*, who are competent to act for themselves, which is very different from the settlement of claims in favor of or against the estate of a person who is dead, and which are necessarily represented by the executor or administrator as the only one who can represent them.

We do not think that this is so. There are no *parties* to this suit excepting the plaintiff and defendant. The next of kin are not and cannot be made parties thereto. And while the settlement made, if allowed to stand, will doubtless incidentally affect their interest, still it is not a proceeding in which they have any rights as *parties* thereto. Nor is the case materially different in this respect from that of an ordinary claim in favor of an estate in the hands of an executor and administrator. For, as we have already seen, they have power to compromise claims, and by so doing they incidentally affect the interest of the heirs or devisees, as the case may be, in the estate. If a large amount is realized, it inures to their benefit, assuming, of course, that the estate is solvent, while if only a small amount is realized, they will suffer the loss, if such it may properly be called. In other words, the executor or administrator has full power to settle the estate in conformity to law,

and this being done, the heirs or devisees have no legal cause of complaint whether they receive much or little therefrom. But no one would contend that, because of their interest, they either are, or have the right to be made, parties to a suit, or a proceeding of compromise.

In conclusion, we think that the statute in question, being evidently intended to facilitate the settlement of disputed claims growing out of or appertaining to the estates of deceased persons, should be liberally construed in favor of the object sought to be attained, and that, thus construed, it may fairly be held to include such a compromise as the one under consideration. The demurrer to the defendant's said plea in bar must therefore be overruled.

*Demurrer overruled.*