Burns, Administrator, *v.* The Grand Rapids and Indiana Railroad Co.

Judgment affirmed.

Filed Jan. 25, 1888.

No. 13,753.

### BURNS, ADMINISTRATOR, *v.* THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY.

JURISDICTION.—*Actions Ex Delicto.*—*Liability Arising Under Statute of Another State.*—An action for damages may be maintained in the courts of this State to enforce a liability accruing under the statute of another State for the death, by the wrongful act of the defendant, of the plaintiff's intestate, the statutes of both States upon the subject involved being of the same import and character, and there being jurisdiction of the defendant. *Buckles* v. *Ellers*, 72 Ind. 220, modified to the extent of conflict.

From the Allen Superior Court.

*L. M. Ninde,* for appellant.

*W. S. O'Rourke,* for appellee.

MITCHELL, C. J.—On and prior to the 24th day of March, 1886, the Grand Rapids and Indiana Railroad Company was operating its line, which extends from Fort Wayne, Indiana, to the northern lakes, in the State of Michigan. The complaint charges that while so engaged the defendant company negligently and wrongfully caused the death of William Burns, the plaintiff's intestate, while the latter was engaged in the line of his duty in coupling cars at Carey Station, in

the State of Michigan, the intestate being at the time an employee of the company.

This action is by the administrator to recover damages which he alleges have accrued to the decedent's next of kin, whose names are set out in the complaint.

The complaint embraces a statute of the State of Michigan, in which it is enacted that any person or corporation, by whose wrongful act, neglect or default the death of any person shall be caused, shall be liable to an action for damages, notwithstanding the death of the person injured, provided the injury shall have occurred under such circumstances as that if death had not ensued the injured person would have been entitled to maintain an action. The action is to be brought in the name of the personal representative of the person whose death has been caused, and the amount recovered is to be distributed to the persons and in the proportion provided by law for the distribution of personal property of persons dying intestate. The jury are authorized to give such damages as they shall deem just and fair, taking into account the pecuniary injury resulting from the death to the persons entitled.

It may be remarked that this statute is not essentially dissimilar to that regulating the same subject in the State of Indiana, as found in section 284, R. S. 1881.

The court below sustained a demurrer to the complaint, upon the ground that jurisdiction to enforce the right of action and liability, which it is alleged accrued in the State of Michigan, under its laws, belonged exclusively to the courts of that State.

The propriety of this ruling is the only question involved in this appeal.

It is a settled rule of the common law that the death of a human being can not be complained of as a cause of action in a civil court. In the absence of statutory enactments, actions arising *ex delicto*, for injury to the person, abate on the death of the person injured, and do not survive to the per-

sonal representatives, the maxim *actio personalis moritur cum persona* being of universal application.

The States of Indiana and Michigan have each enacted, as have most of the other States, statutes like that the substance of which is above set out. These statutes, while they do not in terms revive the common law right of action for personal injury, nor make it survive the death of the injured person, create a new right in favor and for the benefit of the next of kin or heirs of the person whose death has been wrongfully caused.

Although the right thus created is purely of statutory origin, its nature and incidents, and the conditions upon which a recovery may be had, are in no essential respect different from those which relate to an ordinary civil action to recover damages for a civil injury. There is, therefore, as we conceive, no propriety in the suggestion, sometimes made, that statutes such as that set out in the complaint are penal in character. The recovery is not a penalty inflicted by way of punishment for the wrong, but is merely compensatory of the damages sustained by the heirs or next of kin, who had, or are supposed to have had, a pecuniary interest in the life of the intestate. *Mayhew* v. *Burns*, 103 Ind. 328, 335. If the plaintiff were asserting a right to recover a penalty a different rule would prevail. *Carnahan* v. *Western Union Tel. Co.*, 89 Ind. 526 (46 Am. R. 175).

Where the railway company wrongfully caused the death of William Burns, in the State of Michigan, we have seen that a right of action, under the statutes of that State, accrued to his personal representatives to recover civil damages for the benefit of those to whom his personal property became distributable. The statute of Michigan fixed the rights of the next of kin and the liability of the railroad company.

It is a well established principle, that rights which have accrued under the laws of a foreign State are treated as valid rights everywhere, and by means of this principle cognizance

is taken of extra-territorial laws and facts, where those extra-territorial laws and facts have conferred rights or imposed obligations upon persons who are within the jurisdiction of the court.     Westlake Priv. Int. Law, section 58.

The application of this principle requires that the injury described must have given a right of action under the laws of the place where the default or neglect occurred.     A civil right of action acquired under the laws of the State where the injury was inflicted, or a civil liability incurred in one State, may be enforced in any other in which the party in fault may be found, according to the course of procedure in the latter State.     *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Leonard* v. *Columbia Steam Navigation Co.*, 84 N. Y. 48; *Knight* v. *West Jersey R. R. Co.*, 108 Pa. St. 250 (56 Am. R. 200; 26 Am. & Eng. R. R. Cases, 485); *Central Railroad* v. *Swint*, 73 Ga. 651 (26 Am. & Eng. R. R. Cases, 482); *Herrick* v. *Minneapolis, etc., R. W. Co.*, 31 Minn. 11 (47 Am. R. 771; 17 Cent. Law Jour. 81); *McLeod* v. *Connecticut, etc., R. R. Co.*, 58 Vt. 727 (28 Am. & Eng. R. R. Cases, 644); *Boyce* v. *Wabash R. W. Co.*, 63 Iowa, 70 (50 Am. R. 730; 23 Am. & Eng. R. R. Cases, 172); *South Carolina R. R. Co.* v. *Nix*, 68 Ga. 572; *Chicago, etc., R. R. Co.* v. *Doyle*, 8 Am. & Eng. R. R. Cases, 171; *Nashville, etc., R. R. Co.* v. *Sprayberry*, 8 Baxt. (Tenn.) 341; *Selma, etc., R. R. Co.* v. *Lacy*, 43 Ga. 461.

Actions for the recovery of damages for personal injuries are transitory in their nature, and arise out of the supposed violation of rights which, in contemplation of law, are not local, nor confined to the State where the right accrued. Such actions have always been regarded as transitory in character, and although the injury and the right of action may have accrued in a foreign State, it is now settled by an overwhelming weight of authority that the jurisdiction of courts to entertain and enforce the right is not dependent upon whether the right is of statutory or common law origin, provided the enforcement of the right in no way infringes upon or con-

travenes the policy of the State in whose jurisdiction the remedy is sought. *McLeod* v. *Connecticut, etc., R. R. Co., supra; Boyce* v. *Wabash R. W. Co., supra.*

There are comparatively recent decisions which proceed upon a supposed distinction between statutory rights in derogation of the common law, and those generally recognized common law rights. Some of these refuse to recognize or enforce rights which are wholly dependent upon foreign statutory law. *Richardson* v. *New York Central R. R. Co.,* 98 Mass. 85; *Anderson* v. *Milwaukee, etc., R. W. Co.,* 37 Wis. 321; *Bettys* v. *Milwaukee, etc., R. W. Co.,* 37 Wis. 323; *Woodard* v. *Michigan Southern, etc., R. R. Co.,* 10 Ohio St. 121; *McCarthy* v. *Chicago, etc., R. R. Co.,* 18 Kans. 46; *Taylor* v. *Pennsylvania Co.,* 78 Ky. 348 (39 Am. R. 244).

As is suggested in an elaborate and valuable note to the last edition of Story on the Conflict of Laws, note *a,* p. 844, most of the cases in which this distinction is attempted might well have been, and, indeed, some of them were, decided upon other grounds. But, however that may be, the more recent decisions, and, we believe, the entire current of the later authorities, have entirely disregarded the distinction which was formerly supposed to exist between rights originating under a foreign statute and those of common law origin. 3 Wood Railway Law, section 411; Story Conflict of Laws, 844 (8th ed.), and cases cited, *supra.*

The general proposition may be conceded, that statutes have no extra-territorial force, beyond the State in which they were enacted, but it is nevertheless true that civil rights acquired under a statute are not confined to the limits of the State in which the right accrued. Such rights, out of regard for the principles of comity existing between States, will be enforced in the courts of any State which can obtain jurisdiction of the defendant, provided to enforce them does not violate the law or policy of the State in which they are sought to be enforced.

As was said in *Knight* v. *West Jersey R. R. Co., supra,* a

case in all respects parallel with the present: "In such cases the law of the place where the right was acquired or the liability was incurred, will govern as to the right of action, while all that pertains merely to the remedy will be controlled by the law of the State where the action is brought." *Herrick* v. *Minneapolis, etc., R. W. Co., supra.*

In a case which involved the right of an administrator, appointed under the laws of the State of New York, to maintain a suit in that jurisdiction to enforce liability for the death of an intestate wrongfully caused in the State of New Jersey, Mr. Justice MILLER said: "It is indeed a right dependent solely on the statute of the State; but when the act is done for which the law says the person shall be liable, and the action by which the remedy is to be enforced is a personal and not a real action, and is of that character which the law recognizes as transitory and not local, we can not see why the defendant may not be held liable in any court to whose jurisdiction he can be subjected by personal process or by voluntary appearance, as was the case here. It is difficult to understand how the nature of the remedy, or the jurisdiction of the courts to enforce it, is in any manner dependent on the question whether it is a statutory right or a common law right. Wherever, by either the common law or the statute law of a State, a right of action has become fixed and a legal liability incurred, that liability may be enforced and the right of action pursued in any court which has jurisdiction of such matters and can obtain jurisdiction of the parties." *Dennick* v. *Railroad Co., supra.*

It is not perceived why a right of action, transitory in its nature, arising *ex delicto* under a statute of a foreign State, should not be as readily enforced by the courts of this State as are those which arise *ex contractu*, but which depend for their validity upon the statute of a foreign State. Rights of the latter class are enforced without hesitation.

Some of the decisions seem to rest upon the principle that rights acquired or liability incurred under a statute in one

State will not be enforced in a foreign State, unless the law of the forum and that of the place where the right of action accrued are of similar import and character, or unless both concur in giving a right of action for the injury complained of. *Leonard* v. *Columbia Steam Nav. Co.*, 84 N. Y. 48 (38 Am. R. 491), and cases cited; *Boyce* v. *Wabash R. W. Co.*, *supra.*

Other well considered cases proceed upon the theory that, in order to justify a court in one State in refusing to enforce a right of action which accrued under the law of another State, it must appear that the liability sought to be enforced is against good morals or natural justice, or that the enforcement of the law would be prejudicial to the general interests of the citizens of the State whose courts are asked to give it effect. *Herrick* v. *Minneapolis, etc., R. W. Co., supra,* and cases cited.

As has already been seen, the statutes of the States of Indiana and Michigan are so nearly identical in import and character as to manifest the close coincidence in the policy of the two States in respect to the statutes applicable to cases like the present. Under such circumstances there is, as is said in the case of *Texas, etc., R. W. Co.* v. *Richards,* 4 S. W. Rep. 627, a general concurrence of authority to the effect that the courts in either State, which can by their process obtain rightful jurisdiction over the person of the defendant, will enforce liabilities arising in the other.

We need, therefore, give the question above suggested no further consideration, except to say that the better view, as applied to actions for death caused by negligence, seems to be that taken by the Court of Appeals of the State of New York, which is, that while the statutes of the different States involved need not be alike in detail, they should be of the same import and character. Story Conflict of Laws, p. 845, note. Indeed, this seems to be the better view in any case where the statute of a foreign State has made that actionable for which an action was expressly forbidden by the common

law, since by the adoption of the common law it may plausibly be urged that the prohibition was also adopted, in the absence of an express statute making that actionable for which an action was previously forbidden.

All the cases agree, that, whatever the law of the forum may be, the plaintiff's case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred. *Hyde* v. *Wabash, etc., R. W. Co.,* 61 Iowa, 441 (47 Am. R. 820); *State* v. *Pittsburgh, etc., R. R. Co.,* 45 Md. 41.

In order to maintain an action of tort, founded upon an injury to the person, or for wrongfully causing the death of the person injured, the wrong which caused the injury and death must at least be actionable by the law of the place where it was committed, if not also by the law of the place where redress is sought. Unless the alleged wrong was actionable in the jurisdiction in which it was committed, there is no cause of action which can be carried to and asserted in any other jurisdiction. *LeForest* v. *Tolman,* 117 Mass. 109 (19 Am. R. 400); *Davis* v. *New York, etc., R. R. Co.,* 143 Mass. 301 (58 Am. R. 138; 28 Am. & Eng. R. R. Cases, 223); *Debevoise* v. *New York, etc., R. R. Co.,* 98 N. Y. 377 (50 Am. R. 683); *Whitford* v. *Panama R. R. Co.,* 23 N. Y. 465; *McDonald* v. *Mallory,* 77 N. Y. 546 (33 Am. R. 664).

The principle last above stated ruled the decision in the case of *Buckles* v. *Ellers,* 72 Ind. 220 (37 Am. R. 156). That was an action by an unmarried woman to recover damages for her own seduction. The injury complained of was committed in the State of Illinois. Notwithstanding the statute in this State which confers upon every unmarried woman a right to prosecute an action for her own seduction, in the absence of anything to the contrary being made to appear, it was correctly assumed that the common law, under which no such action could be maintained, was in force in the State of Illinois. It followed necessarily that the court held the action not maintainable. On the authority of a text-writer of high

repute, it was stated in an incidental way in the case referred to, that even if it had been shown that there was a statute in Illinois which conferred upon the plaintiff in that case the right to sue for her own seduction, that would not have authorized her to maintain an action in the courts of this State upon principles of comity, as it was only common law rights, or such rights as are recognized as existing by the general usage of civilized nations, which can be enforced by comity in a foreign forum.

This statement in no way impairs the correctness of the conclusion reached in the case, but in the light of the more recent decisions and authorities, it may be doubted whether the text relied on can be regarded as expressing the law upon the subject with entire accuracy. To the extent that anything found in the opinion referred to conflicts with what is herein decided, that case may be deemed modified.

What has been said leads to the conclusion that the learned court erred in sustaining the demurrer to the complaint.

The judgment is therefore reversed, with costs.

