HILLIKER, ADMINISTRATOR, v. CITIZENS STREET RAIL-
WAY COMPANY.

[No. 18,453.    Filed Jan. 10, 1899.]

PERSONAL INJURIES.—*When Death of Injured Person Abates the Ac-
tion.*—In the absence of statutory enactments, actions for injuries
to the person abate on the death of the person injured, and do not
survive to the personal representatives.  *p. 87.*

STATUTES.—*Construction of when Reënacted.*—When the legislature
reënacts a statute of the state, it adopts also the construction given
to such statute by the courts of the state before such reënact-
ment.  *p. 88.*

PERSONAL INJURIES. — *Damages for Pain and Suffering. — Action
Abates with Death of Injured Person.*—Under section 282 Horner
1897, providing that a cause of action arising out of an injury to
the person dies with the person, except where a right of action is
given for injury causing death, an action cannot be maintained
by an administrator for damages for the physical pain and suffering
of his intestate, since such right of action abates on the death of the
intestate.  *pp. 86-89.*

From the Marion Superior Court.    *Affirmed.*

*George W. Galvin,* for appellant.

*W. H. Latta* and *Ferdinand Winter,* for appellee.

MONKS, C. J.—The appellant brought this action against
appellee.   The complaint was in two paragraphs, and appel-
lee's demurrer to each paragraph was sustained, and, appel-
lant refusing to plead further, judgment was rendered
against him on demurrer.   The errors assigned call in ques-
tion the action of the court in sustaining said demurrer to
each paragraph of the complaint.

The first paragraph seeks to recover damages, not for the
death of appellant's intestate, but for physical pain and suf-
fering, and the mental anguish caused thereby, being such
damages only as the intestate could have recovered if he had
lived.   It is not averred in said paragraph that the deceased
left surviving him a widow or next of kin, but, on the con-
trary, it is averred that he left no father or mother or next

of kin surviving him. The cause of action set forth in said paragraph is in tort, and the facts alleged would have entitled the decedent to a recovery if he had lived.

It is admitted by counsel for appellant that at common law the cause of action set up in the first paragraph of the complaint died with the deceased, and did not survive; but it is insisted that the rule in this respect was changed by section 283 Burns 1894, section 282 Horner 1897, and that under the provisions of said section the right of the deceased to recover damages for his physical pain and suffering, and mental anguish caused thereby, did not die with the deceased, but survived, and the same may be recovered in an action by his administrator. It is settled law that, in the absence of statutory enactments, actions for injuries to the person abate on the death of the person injured, and do not survive to the personal representatives. *Burns, Adm.*, v. *Grand Rapids, etc., R. Co.*, 113 Ind. 169. Unless, therefore, some statute revives the common law right of action for a personal injury, and makes it survive the death of the injured person to his representatives, no cause of action is stated in said first paragraph.

In 1852 the legislature adopted a code of civil procedure, section 782, of which, 2 G. & H. p. 330, is the same as section 283 Burns 1894, section 282 Horner 1897, except that the last named section contains in addition to what is set forth in section 782, *supra*, the words "malicious prosecution." It was held by this court, in *Stout, Adm.*, v. *Indianapolis, etc., R. Co.*, 41 Ind 149, decided at the November term, 1872, of this court, that a cause of action arising out of injuries to the person died with the person, and did not survive, under the provisions of section 782, *supra*. The case of *Stout, Adm.*, v. *Indianapolis, etc., R. Co.*, *supra*, was cited with approval, and the same doctrine declared, in *Indianapolis, etc., R. Co.* v. *Stout, Adm.*, 53 Ind. 143, decided in 1876. See also *Hilker, Adm.*, v. *Kelley*, 130 Ind. 356; *Burns, Adm.*, v. *Grand Rapids, etc., R. Co.*, 113 Ind. 169, 171. This was the set-

tled judicial construction of said section 782, *supra,* in 1881 when the present code of civil procedure was enacted by the legislature. Section 6 of said code, being section 283 Burns 1894, section 282 Horner 1897, was a reënactment of said section 782, *supra,* of the code of 1852, except that the words "malicious prosecution" were added thereto. It is the settled rule that, when a legislature reenacts a statute of the state, it adopts also the construction given to such statute by the courts of such state before such reënactment. Endlich on Interp. of Stat., sections 368, 371, and cases cited in notes; Suth. on Stat. Con., section 256 on pp. 336, 337; Black on Interp. of Stat., pp. 161, 162. It follows, therefore, that the legislature in reënacting section 782, *supra,* of the code of 1852, as section 283 Burns 1894, section 282 Horner 1897, adopted the construction given by this court to section 782, *supra,* in the cases above cited, and that a cause of action for injuries to the person does not survive, but dies with the person.

In *Burns, Adm., v. Grand Rapids, etc., R. Co.,* 113 Ind. 169, this court, speaking in regard to the statutes on the subject of actions for the death of another, said: "These statutes, while they do not in terms revive the common law right of action for personal injury, nor make it survive the death of the injured person, create a new right in favor and for the benefit of next of kin or heirs of the person whose death is wrongfully caused." In *Louisville, etc., R. Co.* v. *Goodykoontz,* 119 Ind. 111, this court, in speaking on the same subject, at page 113, said, "The pain and suffering endured, and the permanent injury resulting from the wounding or maiming of a minor, are personal to himself, and damages for such pain and injuries are always recoverable for his benefit. We know of no principle or precedent which sustains a recovery of damages for the death of a human being, no matter how caused, simply for the purpose of enhancing the value of the decedent's estate. The action is given to afford compensation for those who have sustained pecuniary

loss by the death, and not for the benefit of the decedent's estate."

It is evident that the actions arising out of injuries to the person, other than seduction, false imprisonment, and malicious prosecution, which section 283 Burns 1894, section 282 Horner 1897, provides do not abate on the death of the person, are the actions provided for in sections 267, 285 Burns 1894, sections 266, 284 Horner 1897. Under said sections actions can only be maintained by the father or mother, depending upon the facts of the case, or by the personal representative for the benefit of the widow and next of kin, and not for the benefit of the decedent's estate. The court did not err, therefore, in sustaining the demurrer to the first paragraph of complaint.

Appellant having failed to discuss the assignment of error calling in question the action of the court in sustaining the demurrer to the second paragraph of the complaint, the same is waived. Judgment affirmed.