PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* GIPE, ADMINISTRATRIX.

[No. 19,708. Filed January 16, 1903. Rehearing denied April 2, 1903.]

MASTER AND SERVANT.—*Employers' Liability Act.—Railroads.—Locomotive Engineers.*—A cause of action exists under the fourth subdivision of the employers' liability act (§7083 Burns 1901) for the injury of a locomotive engineer caused by the negligence of another locomotive engineer in the common service. *pp. 361, 362.*

COMPROMISE AND SETTLEMENT.—*Executors and Administrators.—Damages.—Death by Wrongful Act.—Railroad Relief Association.*—Where a widow who was administratrix of her husband's estate and beneficiary in a railroad relief fund certificate upon the life of her husband, which provided that the acceptance of benefits from the relief fund should operate as a release of. all claims for damages against the railroad company, accepted the amount of the death benefit certificate and signed a receipt as widow and beneficiary, also as administratrix, in full satisfaction of all claims and demands against the relief association and railroad company on account of the death of the deceased, such receipt pleaded in answer to an action by the administratrix against the railroad company for the death of decedent constituted *prima facie* a bar, not only to the claim of the widow, but also to a recovery for the benefit of the children of the deceased. *pp. 362-368.*

SAME.—*Executors and Administrators.—Damages.—Death by Wrongful Act.*—The provisions of §§2454, 2456 Burns 1901, relative to the collection and compounding of debts by an administrator do not apply to the compromise of a demand made by an administrator for the death of his decedent by wrongful act, and the administrator in such case may compromise the claim without order of court. *pp. 368-374.*

From Hamilton Circuit Court; *J. F. Neal*, Judge.

Action by Flora J. Gipe, administratrix of the estate of Sylvester H. Gipe, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*J. L. Rupe, W. R. Hough, George Shirts* and *W. R. Fertig*, for appellant.

*W. J. Beckett, I. W. Christian, W. S. Christian, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellee.

GILLETT, J.—Flora J. Gipe, as administratrix of the estate of Sylvester H. Gipe, deceased, instituted this action against appellant and the Pennsylvania Company to recover damages for the alleged negligent killing of her decedent. Appellee voluntarily dismissed the action as against the Pennsylvania Company. Appellant demurred to the amended complaint for want of facts, its demurrer was overruled, and it excepted to such ruling, and assigns error thereon. On issues duly joined, there was a trial that resulted in a verdict and judgment for appellee. Appellant unsuccessfully moved for a new trial, and the further questions in this case are presented by an assignment of error based on the latter ruling.

It is sought by the amended complaint to make a case within the first portion of the fourth subdivision of the employers' liability act (§7083 Burns 1901). But two objections are urged to such pleading: (1) Because deceased and the alleged negligent fellow servant were, at the time of the death of the former, engaged in the performance of duties as locomotive engineers, it is claimed that they were vice-principals, and that the statute does not impose a liability in such cases; and (2) that the condition of certain tracks, in the switch yard where decedent met his death, in respect to their crossing at an angle so acute as not to leave sufficient room for clearance for some distance on either side of the crossing, is shown to have been one of the assumed risks of ' the employment. We know of no reason why the statute should not be construed as creating a liability as between vice-principals. But we deny that it appears that these employes were vice-principals. Appellant's counsel, in their brief, speak of them as fellow servants, and the only basis for the claim that they were vice-principals appears to be the statement in some of our decisions that in cases

falling within the first part of the fourth subdivision of said statute the negligent employe is to be regarded as a vice-principal. See *Thacker* v. *Chicago, etc., R. Co.*, 159 Ind. 82, and cases cited. We need not pause to determine whether such statement would justify itself in every state of circumstances that might arise under that portion of the statute; it suffices to state that while the statutory provision has created a greater responsibility upon the part of the master, it has not operated to create a merely artificial relation that can be made the basis for refinements that would tend to impair the force of the enactment.

The second objection to the amended complaint is answered by the statement that the charge of negligence is not based on the situation of the tracks, but that the pleading is based on a charge of negligence upon the part of an engineer in the common service. If there are further objections to the statement of the cause of action, they stand as waived in this court by a failure to discuss them.

We pass now to a question that was presented under the issues based on the second paragraph of answer. The pleading mentioned stated, in substance, the following facts: That appellant was a party to an agreement among certain railroad companies whereby a so-called voluntary relief department was organized for the payment of fixed benefits to employes of said companies and their beneficiaries; that said department was maintained by the contributions of employes becoming members thereof, supplemented by the contributions of such companies, by virtue of a provision in said contract to meet all deficiencies in the fund; that decedent became, and was at the time of his death, a member of said department, under a contract based on an application containing the following provisions: "And I agree that the acceptance of benefits from said relief fund, for injury or death, shall operate as a release of all claims for damages against said company, arising from such injury or death, which could be made by or through me, and that

I or my legal representatives will execute such further instrument as may be necessary formally to evidence such acquittance." The answer further shows that the regulations of said department, that are made a part of the contract by the terms of the application, provide that if suit be brought for such injury or death, payment shall not be made of such benefit until the suit is discontinued, and that if such suit result in a judgment against the company, or be compromised by it, that payment of such judgment or of the amount of the compromise shall preclude any claim upon the relief fund for such injury or death. It is also alleged in said answer that the beneficiary named by decedent in his application was his wife, Flora J. Gipe, and that, with knowledge of the facts aforesaid, she was appointed and qualified as administratrix of decedent's estate, and that, with such knowledge, she afterwards elected for herself, as beneficiary, and as said administratrix, to claim and demand from said relief fund the death benefit so provided, and that thereupon there was paid to her, as such administratrix, the amount of said death benefit, in the sum of $750, and that, as such administratrix, she signed and executed a full release and discharge of said relief fund and of said Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, which release and discharge was in the following words: "Whereas, Sylvester H. Gipe, deceased, lately in the service of the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, was a member of the relief fund of the said company, under application No. 5,561, and the death benefit payable from the said relief fund on account of such membership, amounting to $750, is, upon the condition of the execution of this release, as provided in said application, payable to the undersigned, beneficiary of the deceased, under the terms of his application. Beneficiary: Flora J. Gipe (widow). Now, therefore, I, the undersigned, do hereby acknowledge that the payment of the said sum of $750 from the relief department and fund

of the said company, which sum I acknowledge to have this day received, is in full satisfaction and discharge of all claims or demands on account of or arising from the death of said deceased, which I now have, or can hereafter have, whether against the said relief fund, the said Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, or any other corporation associated therewith in administration of their relief department.   Witness my hand and seal at Indianapolis, Indiana, this 28th day of January, A. D. 1898. (Signed) Flora J. Gipe (L. S.).   (Signed) Flora J. Gipe, Adm.   (L. S.)"

A third paragraph of answer was filed, by which appellant answered the facts alleged in said second paragraph of answer, in bar only of the claim of the widow.   The appellee replied to the special paragraphs of answer in two paragraphs,—general denial, and no consideration.   The court instructed the jury, upon the close of the argument, that there could be no award of damages in favor of the widow, so we need not consider that feature of the case further.   The court refused, however, to give a peremptory instruction to find for the defendant, and modified an instruction tendered by appellant, by adding these words: "But if as to the children of said deceased, such release, executed by said Flora J. Gipe, was without any consideration moving to or received for them in her trust capacity, the same would only bar the right of recovery for said Flora for her individual benefit, but would not bar a recovery for the benefit of said children."

The appellant's evidence in support of the averments of the second paragraph of its answer consisted largely of the various documents heretofore mentioned in connection with our statement of the contents of said paragraph.   The appellee offered no evidence in support of her reply, and the questions presented with reference to whether the defense on this branch of the case was made out will be discussed as we proceed.

In *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638, this court held that an answer substantially like the third paragraph of answer in this case, answering only as to the damages of the widow, was sufficient. It was in that case pointed out that while a beneficiary in such a case is at liberty to seek the statutory remedy, yet if he accepts the sure and immediate benefit of the fund, instead of taking his chances in the courts against the company, the result, at least while the contract stands, is a release of his claim for the tort. To the same effect see *Pittsburgh, etc., R. Co.* v. *Hosea,* 15 Ind. 412; 51 Cen. L. J. 143. It can not be denied that a release by a widow, who is the beneficiary, is not a release as to the next of kin, who have a right under the statute to share in the damages notwithstanding the stipulation of the decedent. In this case, however, the question is presented differently, for here the instrument of release was signed by the beneficiary and the administratrix. This leads us to an examination of the power of the latter to compromise.

At common law an executor or administrator had the same power over the personal estate of his decedent that the latter had at the time of his death. *Farr* v. *Newman,* 4 T. R. 621, note a, page 625; *Weyer* v. *Second Nat. Bank,* 57 Ind. 198; *Latta* v. *Miller,* 109 Ind. 302, 311; *Parker* v. *Providence, etc., Steamboat Co.,* 17 R. I. 376, 22 Atl. 284, 23 Atl. 102, 33 Am. St. 869, 14 L. R. A. 414, and cases cited. His power to compromise has been often affirmed. Williams, Executors (7th Am. ed.), *815; *Parker* v. *Providence, etc., Steamboat Co., supra; Chase* v. *Bradley,* 26 Me. 531; *Chouteau* v. *Suydam,* 21 N. Y. 179; *Rogers* v. *Hand,* 39 N. J. Eq. 270, note.

In *Underwood* v. *Sample,* 70 Ind. 446, it was held that an executor might, upon a new and valuable consideration, extend the time of payment of a note. In *Latta* v. *Miller, supra,* this court held that upon a sufficient consideration an administrator might release one of the makers of a note,

the act not amounting to a *devastavit*. In deciding the case this court said: "The only restraint upon the common law rights and powers of an executor or administrator, in or over promissory notes and other evidences of debts, belonging to the decedent's estate, is imposed not by statute in this State, but by the decisions of this court."

Section 2454 Burns 1901 provides that: "Every executor.and administrator shall proceed with diligence to collect the debts and demands due the estate of the deceased," and that, "where the interests of the estate may be promoted thereby, the court, or judge thereof in vacation, may order the executor or administrator to compound debts." Section 2456, *supra,* is as follows: "Where any debtor of a deceased person shall be unable to pay the whole or any part of the demand or claim of such person, or is insolvent or in doubtful circumstances, or where any legal or equitable defense is alleged against such debt or claim, the executor or administrator, with the approbation of the proper circuit court, or judge thereof in vacation, may compound with such debtor, and give him a discharge, upon receiving the avails agreed upon in such compounding or upon the payment of the same being sufficiently secured." The next section (2457) authorizes executors and administrators, with the approbation of the court, to "file" such debts or demands "in said court, for the benefit of the creditors, heirs, and legatees of such deceased." If the demand here in question were within the description of the class of demands mentioned in the decedent's act, we might have a different question to deal with. But the provisions of said act do not apply to the compromise of a demand of this nature. The supposed restrictive provisions of said act clearly relate to debts and demands in favor of the estate of the deceased. The right of action that is given for wrongfully causing the death of another is regarded, not as a continuation of the right of the deceased, but as a new cause of action existing in favor of the beneficiaries mentioned in the

statute. *Burns* v. *Grand Rapids, etc., R. Co.,* 113 Ind. 169 ; *Hilliker* v. *Citizens St. R. Co.,* 152 Ind. 86 ; *Pittsburgh, etc., R. Co.* v. *Hosea,* 152 Ind. 412 ; *Malott* v. *Shimer,* 153 Ind. 35, 74 Am. St. 278.    As said in *Louisville, etc., R. Co.* v. *Goodykoontz,* 119 Ind. 111, 113, 12 Am. St. 371 : "We know of no principle or precedent which sustains a recovery of damages for the death of a human being, no matter how caused, simply for the purpose of enhancing the value of the decedent's estate.    The action is given to afford compensation for those who have sustained pecuniary loss by the death, and not for the benefit of the decedent's estate." These considerations point to the fact that the power of an executor or administrator to compromise a demand of this nature is not restrained by the decedent's act.    As entirely in point on this proposition, we cite *Washington* v. *Louisville, etc., R. Co.,* 34 Ill. App. 658, where it was said : "The remaining ground upon which appellant seeks to reverse the judgment of the circuit court is, that plaintiff had not the power to make the agreement.    In support of this proposition, appellant relies upon §83, Chap. 3, Starr & Curtis, 226.    This section requires an administrator to secure an order of probate court, authorizing him to settle or compound claims due the estate, before he can legally proceed to do so.    Does this section apply to cases like the one at bar ?    As we construe the statute under which this suit is brought, the claim sought to be enforced here is not a debt due to the estate.    When recovered, the amount of the recovery does not become assets in the hands of the administrator to be distributed, as the other assets of the estate, 'but the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person.' The creditors of the estate of the deceased have no interest whatever in the amount of such recovery.    Section 83 of the statutes in relation to the administration of estates, is applicable alone, as we view it, to claims due the estate, and which, when collected, belong to the estate, as assets, appli-

cable to the payment of debts of the estate." See, also, *Stuber* v. *McEntee*, 142 N. Y. 200, 36 N. E. 878.

If the person whom the statute authorizes to bring the action be regarded as acting in his capacity as executor or administrator, then, there being no restriction upon his authority to compromise in a case of this kind, by virtue of the decedent's act, we may affirm his authority on common law grounds, since the common law, except as provided otherwise, is a part of the law of this State. §236 Burns 1901. If, on the other hand, he be regarded as a statutory trustee, his right to compromise may be affirmed as an incident to his power to sue, and because of the general control that he must necessarily have over the action.

We proceed now to an examination of the decisions as to the authority of the person who brings the action to·compromise. In *Henchey* v. *City of Chicago*, 41 Ill. 136, it was said: "Neither can we agree with appellant's counsel in the position that the plaintiff had no power to make the stipulation by which the suit was dismissed. The statute vested in her, as administratrix, the right of action and the legal title to whatever damages were recoverable. This, of necessity, gave her the legal right to control the prosecution and disposition of the suit, as an administrator has in other cases. Whether the children who, with herself, were interested in the distribution of whatever damages might have been recovered, can call her to account for any error of judgment she may have committed in making this settlement, is a question to be decided when they make the attempt." This ruling was followed in *Washington* v. *Louisville, etc., R. Co.*, 136 Ill. 49, 26 N. E. 653; *McIntyre* v. *Sholty*, 139 Ill. 171, 29 N. E. 43; *Brink's Express Co.* v. *O'Donnell*, 88 Ill. App. 459. In the carefully considered case of *Parker* v. *Providence, etc., Steamboat Co.*, 17 R. I. 376, 22 Atl. 284, 23 Atl. 102, 33 Am. St. 869, 14 L. R. A. 414, a like conclusion was reached. Under the Tennessee statute the widow has the right to sue, but the recovery

is for the benefit of the children as well, as held in one of
the earlier cases in that state. . Under such circumstances
her power to compromise, even over the objection of the
children, has been a number of times affirmed. *Greenlee*
v. *Railroad Co.,* 5 Lea 418; *Stephens* v. *Nashville, etc.,*
*Railway,* 10 Lea 448; *Holder* v. *Railroad,* 92 Tenn. 141,
20 S. W. 537, 36 Am. St. 77.

In the case last cited, where the children brought a some-
what anomalous action to recover against the original de-
fendant their share of the money due under a compromise,
where the money had been paid to the widow, the court,
after referring to the earlier decisions in that state affirm-
ing the right of the widow to compromise, said: "The
power to compromise the statutory right of action for all
persons concerned carried with it, as a necessary conse-
quence, a right on her part to receive for them the whole
sum stipulated in the compromise. If the fact that the
statute confers upon the widow the first right to sue, author-
izes her to fix, by agreement, the aggregate amount to be
paid by the wrongdoer to her and the children, it also
authorizes her to receive that amount for herself and them.
Her *bona fide* compromise binds the children, and her *bona
fide* receipt of the money paid under the compromise, like-
wise, and for the same reason, binds them."

In Mississippi, under a statute substantially like the
Tennessee statute, a widow made an agreement to compro-
mise a pending suit to recover for the wrongful killing of
her deceased husband. Her right so to do was challenged
in *Natchez Cotton Mills Co.* v. *Mullins,* 67 Miss. 672, 7
South, 542, where the supreme court of that state said:
"The widow alone had the right of action, and she had the
right to accept satisfaction, and discharge the defendant."

In *Cogswell* v. *Concord, etc., Railroad,* 68 N. H. 192,
195, 44 Atl. 293, the court, after pointing out the common
law authority of executors and administrators to com-

promise, said: "An administrator in very many similar cases is appointed for the express purpose of bringing suit. The plaintiff, having the power to enforce this claim, may properly release it. Indeed, where there is no want of good faith in giving a release, it is difficult to see how any question of authority can arise. The fact that this is not a common law action does not affect the right of the administrator to compromise the claim, acting in good faith. In this, as in all other actions prosecuted by him in his capacity as administrator, he is the sole trustee for all persons interested in the suit."

A very full and satisfactory discussion of the subject under consideration is found in *Foot* v. *Great Northern R. Co.*, 81 Minn. 493, 84 N. W. 342, 83 Am. St. 395, 52 L. R. A. 354, where the question is discussed from the standpoint of the executor or administrator being a statutory trustee. In that case the action was brought for damages under the statute; there was an answer of compromise, and a reply that the compromise pleaded was made without the knowledge or consent of the next of kin, and without the knowledge or consent of the probate court; that such settlement had never been ratified or confirmed by the next of kin or the court, and that the administratrix had never rendered any account of the money so received, but had converted the same to her own use. A demurrer was sustained to this reply, and in passing on the ruling the court said: "It will be noticed that the reply does not attack the settlement pleaded in the answer upon the ground that it was procured through fraud or misrepresentation. The only issue raised by the reply is that the former administratrix, Ellen Flanning, had no authority to make the settlement. The demurrer, therefore, raises the question whether, under G. S. 1894, §5913, the personal representative of the deceased person has power, without the assent of the next of kin and the probate court, to compromise a claim for damages. The right of action given under this

Pittsburgh, etc., R. Co. *v.* Gipe.

statute is exclusively for the benefit of the widow and next of kin, upon the theory that they have a pecuniary interest in the life of the deceased, and the object of the statute is to compensate them for such loss.   *   *   *   Neither does it follow that no compromise or settlement could be made by the trustee, either before or after commencing the action. If the personal representative is the trustee of the parties to be benefited, for the purpose of commencing the suit, it must follow that he is their trustee for all purposes in connection with the action.   Upon him devolves the responsibility of selecting counsel, collecting evidence, and incurring the expenses of a trial.   Someone must determine the advisability of accepting a verdict as final, either because adverse or inadequate.   Again, for the same reason, if the nature of the evidence attainable and the circumstances of the case should lead the personal representative to the conclusion that the chances of recovery would be slight, and that a compromise would be desirable without commencing the action, he has the same authority to effect a settlement before as after actually serving the summons.   The statute contemplates that the entire matter of enforcing the claim and of collecting the money shall be in the personal representative, not only for the protection of the defendant, but also in order that there may be a responsible party to take charge of the interests of those to be benefited.   The law assumes that the court will appoint a trustee who is suitable for the purpose.   If experience shows that incompetent persons are often selected, and that they are liable to be imposed upon in the way of being drawn into unwarranted compromises, it is a subject which properly commands the attention of the legislature.   As the statute stands, its meaning is clear, and there is no call for a consideration of the common law upon the question."   In addition to the above authorities, we cite Tiffany, Death by Wrongful Act, §125; 11 Am. & Eng. Ency. Law (2d ed.), 926-930.

A painstaking search justifies us in stating that there is no authority that denies to executors or administrators, acting as plaintiffs in suits to recover for wrongful death, the power to make compromises. Where the contract is not infected with fraud or other vice or infirmity, such remedy as the beneficiaries may have to objectionable settlements must be sought on the probate side of the court. In *Yelton* v. *Evansville, etc., R. Co.,* 134 Ind. 414, 21 L. R. A. 158, where the question involved was as to the power of the beneficiary to compromise a claim for the death of her husband, there was a *dictum* to the effect that an executor or administrator could not settle. The language mentioned is now disapproved.

In proceeding to a consideration of the evidence, it is important to note, as before stated, that the issues based on the second paragraph of answer were limited to replies of general denial and no consideration. On this branch of the case counsel for appellee contend that there was no proof that "Flora J. Gipe, Admx.," whose name was attached to the instrument of release, was Flora J. Gipe, administratrix of the estate of Sylvester H. Gipe, deceased. The argument is made that Flora J. Gipe may have been the administratrix of a number of other estates. While the administratrix was in nowise bound by the agreement made by her decedent in his application before referred to, yet when we find that the instrument of release refers back to the application of the deceased, and that it was provided in said application that the legal representatives of the applicant would execute any such further instrument as might be necessary to evidence the release of the claim for damages on account of the death of the applicant, it can only be inferred that the signature, "Flora J. Gipe, Admx.," standing as it does in contradiction to the signature, "Flora J. Gipe," was intended to evidence the assent of appellant to the provisions of said agreement.

With reference to the claim that there was no consideration moving to the administratrix, appellee's counsel contend: (1) That the contract of decedent entitled his wife upon his death to receive $750 as benefits, and that therefore the relief department only paid what it was legally bound to pay to Flora J. Gipe in her personal capacity; (2) that the evidence does not show that the administratrix used or accounted for any part of the money paid. With reference to said first contention of appellee's counsel, the argument is faulty in that it is built upon the assumption that the widow had an absolute right to the relief fund. The widow did not have the right to the provision of the relief fund while the administratrix of the estate prosecuted or was entitled to assert a cause of action for the death of decedent. As pointed out in *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638, and *Pittsburgh, etc., R. Co.* v. *Hosea,* 152 Ind. 412, it was a case where both claims could not be enforced. If, therefore, the benefit of the contract was to be obtained, it was necessary that the right to assert a cause of action under the statute should be released. It will be observed that there has been no attempt to rescind the contract. The release is joint in form, but, in view of the fact that the execution of the release of damages for the death was a condition precedent to any benefit from the relief fund, we think, unless as beneficiary, Mrs. Gipe had some valid collateral agreement, as between her and her children, as to the extent of her right to participate in the proceeds, that the signing of the release as administratrix would operate to charge her in that capacity with the whole of the proceeds. As beneficiary, she would not be allowed arbitrarily to determine what portion, if any, of the proceeds of the trust she would pay over to that account, and, since it could be definitely determined, under a given state of facts, what was the extent of her liability as administra-

trix, the mere receipt of the money in both capacities did not, *per se,* involve a waste of the trust. We do not think, therefore, that as the case is presented the appellant can be said to have been a party to a *devastavit.*

Recurring to the second ground of objection that appellee's counsel urge, it may be said that it is not necessary that the administratrix should have actually used or accounted for any part of the money paid, because she must account for her doings on the probate side of the court that appointed her as administratrix. It is not necessary to decide whether the release was contractual in its character, within the case of *Stewart* v. *Chicago, etc., R. Co.,* 141 Ind. 55. If the release was a mere receipt, it would be at least evidence, and, in the absence of conflicting evidence, should have been given its just effect.

This is a case where the representative in the action has, upon a consideration, released the claims of all beneficiaries, and, in the absence of a further assault than was made under the issues and evidence in this case, we hold that her action concluded all rights that were subsidiary to that of the plaintiff. It follows that the court below erred in refusing to instruct the jury to find for appellant, and in submitting to the jury the question as to whether the second paragraph of reply to the second paragraph of answer was made out upon the evidence. Other questions are discussed by counsel, but it appears unnecessary to decide them.

Judgment reversed, with a direction to the trial court to sustain appellant's motion for a new trial.