**Ida Faye KOHN, Individually and as Administratrix of the Estate of William F. Kohn, Deceased, Plaintiff,**

**v.**

**NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.**

No. 3:96–CV–0911 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

June 11, 1997.

John S. Bishof, Chicago, IL, for Plaintiff.

John C. Duffey, Geoffrey L. Blazi, Stuart and Branigin, Lafayette, IN, Evan Burton Karnes, II, Janet A. Pioli, Daniel Seltzer, Evan B. Karnes II and Associates, Chicago, IL, for Defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This cause is before the court pursuant to the motion for judgment on the pleadings filed by the defendant, Norfolk and Western Railway Company ("N&W"), on February 28, 1997. In this motion, the defendant seeks to dismiss only Count II of the Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On May 22, 1997, this court held oral argument on this motion in Lafayette, Indiana. This memorandum will follow up on the proceedings held in open court on May 22 and deal with the issues that were there presented.

## I. FACTUAL BACKGROUND

This case arises from an accident that occurred in rural Starke County, Indiana, on May 4, 1995. The uncontradicted facts surrounding this accident are as follows. On May 4, 1995, the plaintiff's decedent, William Kohn ("Kohn"), was the driver of a semi-tractor trailer truck traveling northbound on Range Road, approaching a railroad crossing. As Kohn approached the railroad crossing, a train operated by N&W was traveling on the tracks toward the crossing. As Kohn crossed the railroad tracks, the train struck Kohn's truck.

As a result of this accident, Kohn suffered "severe injuries, both internally and externally, including severe and extensive burns over his entire body...." *See* Complaint, Count II at ¶ 12. Following the accident, Kohn was taken to Starke County Hospital in Knox, Indiana, where he was initially treated. That same day, Kohn was transported to St. Joseph Hospital in Fort Wayne, Indiana. On May 8, 1995, as a result of the injuries suffered in the accident, Kohn died at St. Joseph Hospital.

## II. PROCEDURAL BACKGROUND

The plaintiff, Ida Faye Kohn, has filed this action individually and as administratrix of the Estate of William Kohn. This cause was originally filed by the plaintiff in the United States District Court for the Northern District of Illinois on July 2, 1996. On August 29, 1996, the defendant filed a motion to transfer this cause to this district pursuant to 28 U.S.C. § 1404(a). On December 4, 1996, Judge Holderman of the Northern District of Illinois granted the defendant's motion to transfer.

The Complaint presents three causes of action. In Count I, the plaintiff raises a wrongful death claim, including a claim for loss of consortium. In Count II, the plaintiff apparently presents a personal injury tort claim on behalf of the decedent, seeking damages for the decedent's "conscious pain and suffering" from the time of the accident on May 4, 1995, until the date of his death on May 8, 1995. In Count III, the Estate pleads a federal claim, alleging that the defendant violated the plaintiff's rights under the Federal Boiler Inspection Act, 49 U.S.C. § 20701.

On February 28, 1997, the defendant filed the present motion for judgment on the pleadings. In this motion, the defendant seeks dismissal only of Count II of the Complaint. Specifically, N&W asserts that if the Estate is to recover for Kohn's alleged pain and suffering from the date of the accident until the date of death, the claim must stand or fall under the Indiana Survival Statute, IND.CODE § 34–1–1–1. The defendant asserts that, under the Indiana Survival Statute, the plaintiff's personal injury claim does not fall within the types of claims that may be brought by a decedent's estate after the decedent's death. Thus, N&W argues that the plaintiff's personal injury claim presented in Count II abated at Kohn's death and, consequently, that this court should dismiss Count II of the Complaint as a matter of law. In addition, N&W filed its first motion in

limine, requesting that this court exclude from evidence at trial any offers of proof or argument by the plaintiff relating to the nature and extent of the injuries sustained by Kohn in the May 4, 1995, accident.

The plaintiff filed a response in opposition to defendant's motion for judgment on the pleadings and first motion in limine on March 19, 1997. In this response, the plaintiff asserts that the Boiler Inspection Act allows a private plaintiff to bring a survival action under federal common law. In support of this contention, the plaintiff submits the Boiler Inspection Act was passed as an amendment to the Federal Employers' Liability Act ("FELA"), which provides plaintiffs with a private cause of action. Thus, the Estate contends that, because FELA and the Boiler Inspection Act arise "out of the same cloth," the Boiler Inspection Act also provides private plaintiffs with a federal common law cause of action. Therefore, the plaintiff argues that the federal basis for the personal injury claim preempts any abatement of that claim under the Indiana Survival Statute. Thus, the Estate asserts that Count II should not be dismissed as a matter of law.

The defendant filed a reply to its motion for judgment on the pleadings on March 27, 1997. In its reply, the defendant contends that the Boiler Inspection Act does not provide for a private cause of action and, as a result, the plaintiff's argument for preemption is fatally flawed. Thus, the defendant maintains that the Indiana Survival Statute works to foreclose the plaintiff's personal injury claim presented in Count II. As a result, N&W reasserts its contention that, pursuant to Rule 12(c), it is entitled to judgment as a matter of law on Count II.

### III. RULE 12(C) STANDARD

The defendant has filed this motion for judgment on the pleading on Count II under Rule 12(c) of the Federal Rules of Civil Procedure. After the pleadings are closed, a defendant may seek dismissal for failure to state a claim upon which relief can be granted by a motion for judgment on the pleadings. Fed.R.Civ.P. 12(c), (h). When no evidence outside the pleadings is submitted, a motion for judgment on the pleadings is reviewed under the standard of a Rule 12(b)(6) motion. *Republic Steel Corp. v. Penn. Engineering Corp.*, 785 F.2d 174, 182–83 (7th Cir.1986).

Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). *See also Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). This court must accept the well-pleaded, factual allegations of the complaint as true, "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir.1992).

### IV. DISCUSSION

The defendant asserts that Count II of the plaintiff's complaint must be dismissed because it is foreclosed under the Indiana Survival Statute, IND.CODE § 34–1–1–1.[1] The defendant contends that Count II is governed exclusively by the Indiana Survival Statute. Thus, because Kohn died as a result of injuries suffered in the accident, the defendant argues that, under the Indiana Survival Statute, Kohn's personal injury claim abated at Kohn's death. The plaintiff counters by arguing that the claim in Count II arises under federal common law and not under the Indiana Survival Statute. Specifically, the plaintiff submits that the personal injury claim in Count II arises under the Federal Boiler Inspection Act, which preempts the law of the State of Indiana. Thus, the plaintiff argues that the personal injury claim on behalf of the decedent should be allowed to proceed under the mandates of federal common law.

### A. INDIANA SURVIVAL STATUTE

The Indiana Survival Statute creates a limited spectrum of cases, personal to a dece-

---

1. At the pretrial conference on February 14, 1997, the parties conceded that the claims presented in this case are governed by the law of the State of Indiana.

dent, that survive after a decedent's death in favor of the personal representative of the decedent's estate. The Indiana Survival Statute, in its totality, reads as follows:

(a) All causes of action survive, and may be bought, notwithstanding the death of the individual who is entitled or liable in such an action, by or against the representative of the deceased party except actions for libel, slander, malicious prosecution, false imprisonment, invasion of privacy, and personal injuries to the deceased party, which shall survive only to the extent provided herein. An action under this section may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such an action is considered as a continued action, and accrues to the representatives or successors at the time it would have accrued to the deceased if the deceased had survived.

(b) If an action is continued against the legal representatives or successors of a defendant, a notice shall be served on them as in the case of an original notice.

(c) If any action has been commended against the decedent before the decedent's death, the action is continued by substituting the decedent's personal representatives as in other actions surviving the defendant's death. If the action is brought after the death of a defendant, then the same action shall be prosecuted as are other claims against the decedent's estate.

(d) *If a person receives personal injuries caused by the wrongful act or omission of another and subsequently dies from causes other than those personal injuries,* the personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived. These damages inure to the exclusive benefit of the decedent's estate.

See IND.CODE § 34–1–1–1 (emphasis supplied).

■ In Count II of the Complaint, the Estate presents a personal injury claim on Kohn's behalf, seeking to recover for the pain and suffering Kohn endured from the time of his accident on May 4, 1995, until the time of his death on May 8, 1995. Upon review of the Indiana Survival Statute, it appears that the Estate's personal injury claim is foreclosed. Under § 34–1–1–1(d), personal injury claims are only allowed to survive upon a plaintiff's death when the cause of the plaintiff's demise is something *other than* the alleged wrongful act or omission of the defendant. In this case, it is undisputed that Mr. Kohn died from injuries suffered in the accident on May 4, 1995. In addition, the United States Court of Appeals has held that an estate can seek damages for injuries to a decedent under either the Indiana Survival Statute or the Indiana Wrongful Death Statute, IND.CODE § 34–1–1–2, but not both. *American Int'l Adjustment Co. v. Galvin,* 86 F.3d 1455, 1457 (7th Cir.1996). According to the Complaint, the plaintiff appears to state a claim for wrongful death under § 34–1–1–2 in Count I, while, as stated above, the plaintiff presents a personal injury tort claim based upon the decedent's pain and suffering before death in Count II. Thus, under the Seventh Circuit's decision in *American Int'l Adjustment Co.* and the Indiana Survival Statute, this court finds that the plaintiff is foreclosed from pleading a personal injury claim for the pain and suffering Kohn endured prior to his death.

■ Even under the common law in Indiana, it appears that the plaintiff is foreclosed from raising the claim pled in Count II. Under Indiana law, it is a well established common law rule that the death of a person cannot be complained of as a cause of action in a civil court. *Burns v. Grand Rapids & I.R. Co.,* 113 Ind. 169, 15 N.E. 230, 231 (1888). It is equally well settled that, "in the absence of statutory enactments, actions for injuries to the person abate on the death of the person injured and do not survive to the personal representatives." *City of Indianapolis v. Willis,* 208 Ind. 607, 194 N.E. 343, 345–46 (1935); *Hilliker v. Citizens' Street R. Co.,* 152 Ind. 86, 52 N.E. 607, 608 (1899). Thus, following the common law of Indiana prior to the enactment of § 34–1–1–1, the

plaintiff's personal injury claim on behalf of the decedent would have abated at the time Kohn died from his injuries. Moreover, as set forth above, the more recent statutory enactments—specifically, the Indiana Survival Statute—also works to foreclose the plaintiff's personal injury claim. Therefore, under both the common law and statutory law of the State of Indiana, since Kohn died from injuries received in the accident, the Estate is foreclosed from raising a personal injury claim which seeks damages for the decedent's pain and suffering endured before his death.

## B. FEDERAL COMMON LAW CAUSE OF ACTION

The plaintiff argues that Count II does not arise under Indiana law. Rather, the Estate claims that the personal injury claim for the decedent arises under the Boiler Inspection Act, which preempts both the Indiana Survival Statute and Indiana common law. Thus, the Estate argues that federal law, specifically the Boiler Inspection Act, creates a private right of action for the decedent's personal injury claims and, thus, said claims are not foreclosed and did not abate at Kohn's death.

The Supreme Court of the United States has held that a few areas of the law involving "uniquely federal interests" are so "committed by the Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law of a content prescribed (absent explicit statutory directive) by the courts—so called 'federal common law.'" *Boyle v. United Tech. Corp.*, 487 U.S. 500, 504, 108 S.Ct. 2510, 2514, 101 L.Ed.2d 442 (1988) (citations omitted); *see also, Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640, 101 S.Ct. 2061, 2066–67, 68 L.Ed.2d 500 (1981); *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726–29, 99 S.Ct. 1448, 1457–59, 59 L.Ed.2d 711 (1979). The plaintiff asserts that his personal injury cause of action arises under federal common law, specifically through the Boiler Inspection Act. Thus, this court must address whether the plaintiff may utilize the Boiler Inspection Act and FELA as a basis for raising the personal injury claim pled in Count II of the Complaint.

■ The Boiler Inspection Act and the related Federal Safety Appliance Act, 45 U.S.C. §§ 1–16, are amendments to FELA and, by implication, work to expand the types of claims which fall within FELA's coverage. *See Urie v. Thompson*, 337 U.S. 163, 188, 69 S.Ct. 1018, 1033–34, 93 L.Ed. 1282 (1949). However, it is equally well settled that the Boiler Inspection Act and Safety Appliance Act do not create private causes of action, *Crane v. Cedar Rapids & Iowa City Ry.*, 395 U.S. 164, 166, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969), but must be read in conjunction with FELA. *See Baltimore & Ohio R.R. v. Groeger*, 266 U.S. 521, 528, 45 S.Ct. 169, 172, 69 L.Ed. 419 (1925); *McCarthy v. Pennsylvania R.R.*, 156 F.2d 877, 879–80 (7th Cir. 1946), *cert. denied*, 329 U.S. 812, 67 S.Ct. 635, 91 L.Ed. 693 (1947). Thus, in order for the plaintiff to plead a claim under the Boiler Inspection Act, it follows that the claim must arise under the provisions of FELA.

Section 51 of Title 45 of the United States Code sets forth the provisions for liability of railroads under FELA and defines what persons qualify as employees under the Act:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, *shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee;* and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appli-

ances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

*See* 45 U.S.C. § 51 (emphasis supplied).

■ FELA, by its very terms, applies only to claims brought by employees of a railroad that qualifies as a common carrier under the Act. Under federal common law principles, an individual can establish his "employment" with a rail carrier for purposes of FELA, even though he is nominally employed by another, if: (1) the employee serves as a borrowed servant of the railroad at the time of his injury; (2) the employee could be deemed to be acting for two masters simultaneously; or (3) the employee could be a subservant of company that is in turn a servant of the railroad. *Kelley v. Southern Pac. Co.*, 419 U.S. 318, 95 S.Ct. 472, 42 L.Ed.2d 498 (1974).

■ In this case, the plaintiff does not (and cannot) allege that Kohn was nominally employed by any railroad. The record clearly establishes that Kohn was merely a truck driver who was fatally injured in an accident with a N&W train. Thus, it does not appear that the decedent can satisfy any of the three tests for employment set forth by the Supreme Court of the United States in *Kelley*. Accordingly, it is this court's opinion that the Estate cannot raise a claim for Kohn's injuries under FELA. As a result, since Kohn was not a railroad employee covered by FELA, it is this court's opinion that the Estate cannot plead the personal injury claim in Count II under the Boiler Inspection Act. Accordingly, since the Estate's cause of action for Kohn's personal injuries prior to his death are foreclosed under the Indiana Survival Statute, the court now finds that the claim presented in Count II of the Complaint must be dismissed.[2]

## V.  CONCLUSION

For the foregoing reasons, the court finds that it appears beyond doubt that the plaintiff can prove no set of facts in support of the personal injury claim in Count II which would entitle the Estate to relief. Thus, the court now **GRANTS** defendant N&W's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and Count II of the Complaint is hereby dismissed as a matter of law.

As for the defendant's motion in limine, the court finds said motion to be premature at this stage of the proceedings. Accordingly, the court now **DENIES** the defendant's first motion in limine. However, the defendant is granted leave to resubmit said motion at the time of trial should the defendant deem such a motion necessary.

**IT IS SO ORDERED.**

---

**2.** With respect to the remaining claims presented by the plaintiff, this court finds that an aside on the issue of contributory negligence is in order. The State of Indiana may have buried the concept of contributory negligence as an absolute defense in the wake of comparative fault. However, it is this court's view that the concept contributory negligence still rules (or at least influences) from the grave. Given the facts of this case, the plaintiff's decedent may well have been at least 51% at fault, even in the face of disputed proof that a whistle or horn was not sounded at this crossing by the N&W train. Thus, this case appears to involve a very close question of fact that must be submitted to a jury under the Seventh Amendment to the United States Constitution. *See Latino v. Kaizer*, 58 F.3d 310 (7th Cir.1995). However, it behooves the able and experienced counsel in this case to make one last use of the resources of a highly competent and experienced United States Magistrate Judge by scheduling final settlement discussions with the Honorable Robin D. Pierce.